**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Denise FAST HORSE, Defendant— Appellant.**

No. 02–30130.

D.C. No. CR–01–00092–SEH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 9, 2003.

Decided Jan. 27, 2003.

Before WALLACE, TROTT and TASHIMA, Circuit Judges.

MEMORANDUM *

Denise Fast Horse ("Fast Horse") appeals from her sentence after pleading guilty to one count of Negligent Vehicular Assault under 18 U.S.C. § 1153 and Mont. Code Ann. § 45–5–205. Fast Horse argues that the district court's upward departure from criminal history category II to category IV violated her Sixth Amendment right to counsel because the departure was based on uncounseled tribal court convictions. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm.

Fast Horse's argument is wholly unsupported by the record. The district court expressly rejected Fast Horse's implication at sentencing that it was relying on her prior tribal court convictions and clarified its basis for the departure:

But *I want to be clear about this:* I looked to those prior offenses for what they show about this individual's *pattern of conduct.* And particularly what those prior convictions show about the propensity and the likelihood that this individu-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

al, absent a longer period of custody, is *likely to repeat this conduct* in the future.

Sentencing Tr. at 22 (April 12, 2002) (emphases added).

Thus, the district court clearly and expressly relied on Fast Horse's pattern of prior criminal conduct and the likelihood that she would engage in the same conduct again. Fast Horse does not argue that a departure based on prior criminal conduct is improper. Such a departure is permissible under the Sentencing Guidelines. "If reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range." U.S.S.G. § 4A1.3, policy statement.

Fast Horse argues that despite the district court's express reliance on her prior conduct, the facts presented to the district court in the Presentence Report ("PSR") were insufficient to support an upward departure on the basis of prior conduct; thus, the district court necessarily relied on the convictions alone. We disagree. Although the PSR does not describe the facts underlying her aggravated assault and resisting arrest convictions in April 1996, it did provide the factual bases for her other significant charges, including convictions for four prior DUI's, three child neglect/endangerment charges, and involuntary manslaughter for killing her sister while driving under the influence of alcohol. Thus, the PSR provided a sufficient factual basis for the upward departure.

AFFIMED.